IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VERNON L. MCCRANEY, JR.**                                                                   **PLAINTIFF**

**V.**                                    **4:20CV1323 JM**

**CENTRAL MOLONEY, INC.**                                                    **DEFENDANT**

**ORDER**

Pending is the Defendant's Motion for Summary Judgment. Plaintiff has responded to the motion and Defendant has replied. For the reasons stated below, the Motion is granted.

**I.**     **Facts**

Plaintiff Vernon L. McCraney, Jr. is a former employee of Defendant Central Moloney, Inc. Plaintiff worked as a welder in the Weld Repair department of Defendant's facility. On occasion, Plaintiff was asked to work in other departments due to staff shortages. One of those departments was LP Tanking. In the LP Tanking department, well covers are affixed to the top of a tank and welded on. To fit the cover onto the tank the employee usually must hammer the tank and the top of the tank cover.

On September 26, 2019, while working in LP Tanking Plaintiff complained that working in that position was hurting him during and after work. According to Plaintiff, he had broken his wrist many years prior, and the hammering caused him pain. He also testified in his deposition that the position was hard and left him sore and worn down. (Dep. ECF No. 12-1 at 39).

On September 27, 2019, as Plaintiff was preparing to start working in his Weld Repair position, Aaron Tyler approached him, and stated Plaintiff was needed in the sand mixing area of LP Tanking. *Id.* at 40. Plaintiff told Tyler that he was still hurting from the previous shift, and he

was going to "take a point"[1] instead of going to work in LP Tanking. *Id*. at 41. Tyler affirmed. Plaintiff proceeded to clock out and leave the facility. Before Plaintiff reached the gate of the facility, Tyler met him and told Plaintiff that he needed to come back and talk to Rob Wilson the superintendent. Tyler told Plaintiff that if he took a company-issued point he would be fired. *Id.* at 43.

Plaintiff met with Wilson. Wilson informed him that he had the choice to either work in LP Tanking that day or he would be fired. *Id.* at 45. Plaintiff explained that the position caused him to hurt during and after work. Wilson responded, "That's all I can do." *Id.* Plaintiff left the facility, and his employment was terminated. *Id.*

On February 2, 2020, Plaintiff filed an EEOC charge against the Defendant claiming he was terminated because of his disability. He was issued a right to sue letter five days later. On March 17, 2020, Plaintiff filed a second EEOC charge alleging he was terminated because of disability and race discrimination. He was issued a right to sue letter on August 10, 2020. He filed this case on November 9, 2020 alleging disability discrimination in violation of the ADA, and race discrimination in violation of Title VII and the ACRA.

## II.     Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a

---

[1] Defendant uses a point system where employees receive points or half-points for tardiness and absences. If an employee accrues 8 points he is discharged.

> finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent s burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 68, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### III.     Analysis

Defendant contends that Plaintiff's claims for discrimination must be dismissed because he failed to file his complaint in this Court within ninety days after receiving his right to sue letter. Plaintiff does not respond to this argument in his response to the motion for summary judgment. "An employee who receives a right to sue letter from the EEOC has 90 days in which to file suit." *Spears v. Missouri Dep't of Corr. & Hum. Res.*, 210 F.3d 850, 853 (8th Cir. 2000)

3

(citing 42 U.S.C. § 2000e–5(f)(1)); *see also* Ark. Code Ann. § 16-123-107 (suit must be brought within 90 days of receipt of right to sue letter). Plaintiff was issued his first right to sue letter on February 7, 2020. This letter was based upon Plaintiff's charge that he was termination based upon disability discrimination. It is undisputed that Plaintiff did not file suit within ninety days. Therefore, Plaintiff is barred from asserting a claim of discrimination based upon the "acts asserted in this charge." *Id.*

Plaintiff's second EEOC charge involves the same facts as the first charge. In the second charge, however, Plaintiff includes race discrimination. The claims alleged in the second charge are not separate and distinct from the first charge. Both charges are based upon the same adverse employment action, termination. Filing a subsequent charge based upon the same actions does not revive the claim. *See Frazier v. Vilsack*, 419 Fed. Appx. 686 (8th Cir. 2011). Plaintiff's claims based upon his termination, whether for disability or race discrimination, must be dismissed pursuant to 42 U.S.C. § 2000e-5(f)(1) and Ark. Code Ann. § 16-123-107.

Even if Plaintiff's claims of discrimination were not barred, Plaintiff has failed to present the Court with any evidence that he suffers from a disability or was perceived to have a disability by Defendant or any evidence that his termination was a pretext for race discrimination.

## IV.   Conclusion

Defendant's Motion for Summary Judgment (ECF No. 11) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 3rd day of February, 2023.

_____
James M. Moody Jr.
United States District Judge